Ali Salamirad (SBN 209043)
Teresa L. Polk (SBN 111975)
**SMTD LAW LLP**
17901 Von Karman Avenue, Suite 500
Irvine, California 92614
(949) 537-3800
(949) 537-3822 (f)
as@smtdlaw.com; tp@smtdlaw.com

Attorneys for Plaintiff
THE GUARANTEE COMPANY OF NORTH AMERICA USA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

THE GUARANTEE COMPANY OF NORTH AMERICA USA, a Michigan corporation,

Plaintiff,

v.

TETRA TECH, INC., a Delaware corporation, and DOES 1 through 10, inclusive.

Defendants.

**Case No. 21-cv-5725**

**COMPLAINT FOR:**
**1. BREACH OF CONTRACT;**
**2. SPECIFIC PERFORMANCE;**
**3. QUIA TIMET**

/ / /

/ / /

/ / /

Plaintiff THE GUARANTEE COMPANY OF NORTH AMERICA USA ("GCNA") hereby alleges as follows against TETRA TECH, INC. ("TETRA TECH"):

## PARTIES

1. GCNA is and at all times mentioned herein was, a corporation incorporated under the laws of Michigan with its principal place of business in Southfield, Michigan. GCNA is qualified to conduct business and has been conducting business in the states here in issue (among other states) as a surety.

2. Defendant TETRA TECH BUILDERS, INC. ("TETRA TECH") is, and at all times alleged herein was, a Delaware corporation with its principal place of business in the City of Pasadena, in the County of Los Angeles, in the State of California.

3. GCNA is unaware of the true names and capacities, whether individual, corporate, partnership, limited liability company, associate, public agency or otherwise of the defendants sued as Does 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. GCNA will amend this Complaint to allege the true names and capacities of these Doe defendants when the same have been ascertained.

4. GCNA is informed and believes, and based thereon alleges, that the defendants named in this Complaint, and each of the defendants sued herein as Does 1 through 10, inclusive, are in some manner, means, or degree, responsible, either jointly or severally, for the injuries, losses, and damages herein complained of by GCNA. GCNA is further informed and believes, and thereon alleges, that each of the aforesaid defendants is, and at all times mentioned herein was, an agent, representative and/or employee of the other defendants, and each of them, and/or accepted the benefits and/or ratified the conduct of such other defendants, which caused the losses, injuries, and/or damages herein complained of by GCNA.

/////

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is (a) complete diversity of citizenship between Plaintiff GCNA and TETRA TECH because Plaintiff GCNA is a citizen of the State of Michigan and TETRA TECH is a citizen of the States of Delaware and California and; (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Central District of California, Western Division, under 28 U.S.C. § 1391 because TETRA TECH is subject to personal jurisdiction in this Division at the commencement of this action, and its principal place of business is located within this Division.

## GENERAL ALLEGATIONS

7. On or about February 14, 2017, TETRA TECH executed a General Agreement of Indemnity ("GAI") in favor of GCNA for surety bonds issued to persons and entities named therein, specifically including non-party WDG Construction and Development Services, Inc. dba WDG Construction Group, Inc. ("WDG"). A true and correct copy of the GAI, redacted to remove personal information, is attached hereto as Exhibit "A." The GAI obligates TETRA TECH to, among other things, pay to GCNA upon demand (1) all loss, costs and expenses of whatsoever kind and nature, including court costs, attorney fees, in-house fees, consultant fees, investigative costs, and other losses, costs or expenses incurred by GCNA by reason of having executed, provided or procured any bond naming WDG as principal; (2) all such sums incurred by GCNA by reason of any default under the GAI by TETRA TECH or any other indemnitor named therein; (3) any amount sufficient to discharge any claim made against GCNA on any such bond, whether or not GCNA will have made any payment or established a reserve therefor, as collateral security against any loss on any such bond; and (4) other sums as set forth in the GAI.

8. The GAI provides that it is applicable to all such bonds issued, or which shall have already been issued, at any time before an indemnitor gives written notice

to GCNA by certified or registered mail of termination of its indemnity obligation. At no time relevant to this action did TETRA TECH give GCNA notice of termination of its indemnity obligation under the GAI.

9. The GAI further provides that TETRA TECH is jointly and severally liable with any other indemnitors. Thus, TETRA TECH is individually liable for the entire obligation and may be sued separately from any other indemnitors named therein without joining WDG and other indemnitors as parties to this action.

10. By the GAI, TETRA TECH acknowledged that its failure to pay, immediately on demand, that sum demanded by GCNA as collateral security will cause irreparable harm for which GCNA has no adequate remedy at law. The GAI thus further provides that GCNA is entitled to injunctive relief for specific enforcement of TETRA TECH's obligation to pay to GCNA an amount sufficient to discharge claims against the Bonds whether or not GCNA has paid the claims or established a reserve for said claims.

11. In reliance on the GAI and the information received from TETRA TECH, GCNA issued surety bonds on behalf of WDG, including, but not limited to, the following private works contract performance bonds and payment bonds (the "Bonds"):

| **Bond #** | **Penal Sum** | **Project** |
|---|---|---|
| 80141729 | $22,399,434.00 | Silver Comet, Powder Springs, GA |
| 80141739 | $14,201,464.00 | Historic Bell Lofts, Montgomery, AL |

Copies of Bonds #80141729 ("Silver Comet Bonds") are attached hereto as Exhibit "B." Copies of Bonds #80141729 ("Historic Bell Lofts Bonds") are attached hereto as Exhibit "C."

12. GCNA has begun to receive claims against the Bonds and faces paid, existing and potential claims up to the full penal sum of each bond as alleged above.

As of the date of this Complaint, GCNA has paid claims in at least the amount of $213,652.69 on the Historic Bell Lofts Bonds and at least the amount of $1,768,458.94 in payment bond losses and $63,888.74 in costs of completion under the Silver Comet Bonds, being a total of $2,046,000.37 in claims paid to date for which immediate payment is due from TETRA TECH under the GAI.

13. In addition, CGNA has received additional claims against the Bonds, which are still being analyzed or disputed, and CGNA anticipates that other claims will be received in the course of this action. As of the date of this Complaint, in addition to the amount of paid claims set forth above, CGNA has unresolved pending claims of at least $1,300,000.00 on the Historic Bell Lofts Bonds and unresolved pending claims of at least $912,000.00 on the Silver Comet Bonds, for a total of at least $2,212,000.00 in pending unresolved claims against the Bonds. The amount of pending unresolved claims may also increase as additional claims are received or as additional completion costs are incurred.

14. On or about February 20, 2020, CGNA sent a letter to TETRA TECH informing TETRA TECH of $449,328.15 in claims as of that time and demanding payment in that amount under the GAI. TETRA TECH did not respond to that demand. A copy of that demand is attached as Exhibit "D."

15. On or about May 28, 2021, CGNA sent a letter to TETRA TECH demanding paying under the GAI in the amount of Three Million Two Hundred Thousand and Zero/100 Dollars ($3,200,000.00) in collateral security for paid and pending unresolved claims against the Bonds. TETRA TECH did not respond to that demand. A copy of that demand is attached as Exhibit "E."

16. On or about June 16, 2021, CGNA, through legal counsel, sent a further letter to TETRA TECH demanding payment under the GAI in the amount of $2,046,000.37 for claims paid as of that date and an additional sum of $2,200,000.00 in collateral security for pending unresolved claims, for a total of $4,258,000.37. As of the date of this Complaint, TETRA TECH has not paid, or offered to pay, the

amount demanded or any other amount. A copy of that demand is attached as Exhibit "F."

17. By its failure to pay the amounts due and owed under the GAI, TETRA TECH has breached the GAI.

**FIRST CAUSE OF ACTION**

**(Breach of Contract against**

**Defendant TETRA TECH and Does 1 – 10)**

18. GCNA hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. GCNA has demanded, and hereby demands, TETRA TECH exonerate, reimburse, indemnify and hold GCNA harmless from all liability, damages, loss, costs and expense.

20. In failing to exonerate, reimburse, indemnify and hold GCNA harmless, TETRA TECH and Does 1 through 10 have breached the terms of the GAI.

21. GCNA has satisfied all conditions precedent to maintain this action under the GAI.

22. As a direct and proximate cause of the breach by TETRA TECH and Does 1 through 10, GCNA incurred significant damages, loss and expense arising out of enforcing the GAI and the Bonds, and is potentially liable to bond claimants, in an amount currently estimated at $5,000,000.00 based upon the amount of claims received to date and the penal sums of the bonds on unfinished projects, plus interest, and in such other amount exceeding the jurisdictional limits of this Court and to be proven at trial.

23. GCNA has retained legal counsel to advise and represent GCNA in connection with GCNA's rights, duties and obligations arising as a result of the issuance of the Bonds and in the course of this civil action. GCNA has incurred, and will continue to incur, attorney fees and legal expenses both in the course of this

action and also in connection with bond claims, all of which GCNA has a right to recover from TETRA TECH and Does 1 through 10 under the GAI.

THEREFORE, GCNA requests a judgment as prayed for below.

## SECOND CAUSE OF ACTION

**(Specific Enforcement of the GAI as against Defendant TETRA TECH and Does 1 through 10)**

24. GCNA hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. GCNA has incurred irreparable harm in that GCNA specifically bargained for prejudgment collateralization from TETRA TECH and Does 1 through 10 and a judgment for money damages alone would deprive GCNA of the prejudgment relief to which it is contractually entitled.

26. To date, TETRA TECH and Does 1 through 10 have failed and/or refused to provide GCNA with collateral security as specifically contractually agreed upon.

27. By filing this Complaint, GCNA demands specific performance from TETRA TECH and Does 1 through 10 to fulfill the obligations under the GAI.

28. GCNA has no adequate legal remedy for TETRA TECH's and Does 1 through 10's failure to provide GCNA with pre-judgment funds on demand as collateral security for the Bonds in compliance with the terms of the GAI.

29. Accordingly, GCNA requests a preliminary injunction and permanent injunction compelling TETRA TECH and Does 1 through 10 to deposit collateral security as required by the GAI.

THEREFORE, GCNA requests a judgment as prayed for below.

////

////

////

**<u>THIRD CAUSE OF ACTION</u>**

**(*Quia Timet* As Against Defendant TETRA TECH and Does 1 through 10)**

30. GCNA hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. GCNA reasonably believes that it will incur immediate and substantial losses, costs, damages, attorney's fees and expenses by reason of, or in consequence of, the Bonds.

32. TETRA TECH and Does 1 through 10 are obligated, under the doctrine of *Quia Timet*, to post collateral security with GCNA for all losses, costs, damages, attorney's fees and expenses incurred by reason of, or in consequence of, the issuance and maintenance of the Bonds.

33. GCNA is entitled to a prejudgment order requiring TETRA TECH and Does 1 through 10 to post collateral with GCNA in an amount sufficient to cover all claims, losses, costs, damages, attorney's fees and expenses incurred by reason of, or in consequence of, the issuance and maintenance of the Bond.

THEREFORE, GCNA requests a judgment as prayed for below.

**<u>PRAYER</u>**

Wherefore, Plaintiff GCNA prays for judgment as follows:

1. For an award of monetary damages against Defendants and in favor of GCNA in an amount according to proof and currently estimated at $5,000,000.00;

2. For an order of specific performance compelling TETRA TECH to specifically perform by depositing collateral security in compliance with the terms of the General Agreement of Indemnity;

3. For an order of *quia timet*, compelling TETRA TECH in the course of this action to specifically perform by depositing collateral security in compliance with the terms of the General Agreement of Indemnity;

4. For attorney fees pursuant to contract;

5. For pre-judgment interest at the rate of 10% per year pursuant to California law;

6. For post-judgment interest in accordance with federal law; and

7. For such other and further relief as the Court may deem just and proper.

Dated: July 15, 2021

**SMTD LAW LLP**

By: /s/ Teresa L. Polk
Ali Salamirad
Teresa L. Polk
Attorneys for Cross-Defendant
THE GUARANTEE COMPANY OF NORTH AMERICA USA