Keith E. Smith (State Bar No. 244505)
kesmith@wshblaw.com
Omar F. Hassan (State Bar No. 322034)
ohassan@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
21804 Cactus Avenue, Suite 200
Riverside, California 92518-3010
Phone: 951 779 5000 ♦ Fax: 951 755 1650

Attorneys for Defendant and Third Party Plaintiff, TETRA TECH, INC., a Delaware corporation

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

THE GUARANTEE COMPANY OF NORTH AMERICA USA, a Michigan corporation,

Plaintiff,

v.

TETRA TECH, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

Defendants.

TETRA TECH, INC,, a Delaware corporation,

Third Party Plaintiff,

v.

WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC., a Indiana corporation; MICHAEL P. WYMAN, an Individual; BERNADETTE M. WYMAN, an Individual; and ROES 1 through 10, inclusive.

Third Party Defendants.

Case No. 2:21-cv-05725-RGK-DFMx

**DEFENDANT AND THIRD PARTY PLAINTIFF TETRA TECH, INC.'S THIRD PARTY COMPLAINT**

The Hon. Judge R. Gary Klausner

Magistrate Judge: Douglas F. McCormick

Trial Date: None Set

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

**TETRA TECH, INC.'S THIRD PARTY COMPLAINT**

1. Pursuant to Federal Rules of Civil Procedure 14, Defendant/Third Party Plaintiff TETRA TECH, INC. ("Third Party Plaintiff" or "Tetra Tech") brings this Third Party Complaint against Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC. ("Third Party Defendant" or "WDG Construction"), MICHAEL P. WYMAN ("Third Party Defendant" or "Mr. Wyman"), BERNADETTE M. WYMAN ("Third Party Defendant" or "Mrs. Wyman"), and ROES 1 through 10, inclusive, and each of them (collectively, "Third Party Defendants"), and alleges as follows:

**JURISDICTION AND VENUE**

2. This Third Party Complaint arises out of the transaction or occurrence that is the subject matter of Plaintiff's underlying Complaint. Additionally, Third Party Defendants have consented to the submission of this Court's jurisdiction.

3. Venue is proper in this District because as Third Party Defendants have consented to this District's venue.

**PARTIES**

4. TETRA TECH is a Delaware corporation with its principal place of business in the City of Pasadena, in the County of Los Angeles, in the State of California. TETRA TECH brings this Third Party Complaint for indemnity and contribution from Third Party Defendants, and each of them, including ROES 1 through 10, inclusive, in connection with the claims asserted by Plaintiff in its Complaint in this action.

5. Third Party Defendant WDG Construction is, upon information and belief, an Indiana corporation with its principal place of business in Indianapolis, Indiana.

6. Third Party Defendant Mr. Wyman is, upon information and belief, an individual who resides in the City of Greenwood, State of Indiana. Mr. Wyman is

also the President of WDG Construction. Further, Mr. Wyman has consented to both this Court's jurisdiction and this District's venue.

7. Third Party Defendant Mrs. Wyman is, upon information and belief, an individual who resides in the City of Greenwood, State of Indiana. Further, Mrs. Wyman has consented to both this Court's jurisdiction and this District's venue.

8. TETRA TECH is unaware of the true names and capacities, whether individual, corporate, partnership, limited liability company, associate, public agency or otherwise of the third party defendants sued herein as ROES 1 through 10, inclusive, and therefore sues said Third Party Defendants by such fictitious names. TETRA TECH will amend this Third Party Complaint to allege the true names and capacities of these ROE third party defendants when the same have been ascertained.

9. TETRA TECH is informed and believes, and thereon alleges, that the third party defendants named in this Third Party Complaint, and each of the Third Party Defendants sued herein as ROES 1 through 10, inclusive, are in some manner, means, or degree, responsible, either jointly or severally, for the injuries, losses, and damages herein complained of by Plaintiff. TETRA TECH is further informed and believes, and thereon alleges, that each of the aforementioned Third Party Defendants are, and at all times mentioned herein were, an agent, representative and/or employee of the other Third Party Defendant, and each of them, and/or accepted the benefits and/or ratified the conduct of such other Third Party Defendants, which caused the losses, injuries, and/or damages herein complained of by Plaintiff.

10. On or about July 15, 2021, Plaintiff filed a Complaint for (1) Breach of Contract, (2) Specific Performance, and (3) Quia Timet against Defendant/Third Party Plaintiff TETRA TECH alleging that Defendants named therein caused and/or contributed to the damages claimed. A copy of the Complaint is attached hereto as **Exhibit "A"** and incorporated herein by reference.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

## GENERAL ALLEGATIONS

11. Specifically, Plaintiff's Complaint involves claims for alleged monies owed pertaining to two construction projects, known as (1) Silver Comet, located at Richard D. Sailors Parkway & US highway 279, Powder Springs, GA ("Silver Comet") and (2) Historic Bells Lofts, located at 207 Montgomery Street, Montgomery, AL ("Historic Bells Lofts").

12. By way of its Complaint, Plaintiff seeks recovery of $4,258,000.03 from TETRA TECH due to the bonds issued to Third Party Defendant WDG Construction on the two projects and WDG Construction's asserted defaults under the bonds and material breaches of the underlying construction agreement for the above-referenced projects.

13. Accordingly, TETRA TECH is, wrongfully and improperly, being sued by Plaintiff due to the conduct, actions, defaults, and breaches of contract by Third Party Defendants.

14. Pursuant to the (**1**) General Agreement of Indemnity ("GAI"), dated December 12, 2016, the (**2**) Personal Guaranty, dated August 23, 2017 ("Guaranty"), the (**3**) Funds Control & Inspection Services Agreement With Completion Commitment for the Silver Comet project, dated June 6, 2017 ("Silver Comet Funds Control Agreement"), and the (**4**) Funds Control & Inspection Services Agreement Completion Assistance Program for the Historic Bells Lofts project, dated August 25, 2017 ("Historic Bells Lofts Funds Control Agreement") (collectively the "Agreements"), to the extent of their enforceability and validity, Third Party Defendants, and each of them, bear responsibility for claims and damages alleged by Plaintiff. Attached hereto as **Exhibit "B"** is a true and correct copy of the GAI, with redactions to protect against personal information. Attached hereto as **Exhibit "C"** is a true and correct copy of the Personal Guaranty. Attached hereto as **Exhibit "D"** is a true and correct copy of the Silver Comet Funds Control Agreement. Attached hereto as **Exhibit "E"** is a true and correct copy of the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

Historic Bells Lofts Funds Control Agreement. All exhibits are incorporated herein by reference.

15. Specifically, pursuant to the Guaranty, Third Party Defendants agreed to personally guarantee all payments of all obligations, liabilities, covenants, and agreements of Tetra Tech.

16. Further, and with respect to the Silver Comet Funds Control Agreement and the Historic Bells Lofts Funds Control Agreement, Third Party Defendants agreed to fully indemnify and defend TETRA TECH against any and all damages, liabilities or costs, including reasonable attorneys' fees and defense costs incurred by TETRA TECH.

17. As such, TETRA TECH is informed and believes, and based thereon alleges, that pursuant to the Agreements, Third Party Defendants are obligated to defend, indemnify and hold harmless TETRA TECH from the claims and damages asserted by Plaintiff in the Complaint and to satisfy all damages sought by Plaintiff.

**FIRST CAUSE OF ACTION**

**(Express Contractual Defense and Indemnity Against Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC., MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10)**

18. TETRA TECH re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 17 above.

19. On or about July 15, 2021, Plaintiff filed a Complaint for (1) Breach of Contract, (2) Specific Performance, and (3) Quia Timet against TETRA TECH, asserting claims for indemnity under the GAI, among others.

20. On or about August 23, 2017, the Guaranty was entered into by and between TETRA TECH and Third Party Defendants, whereby Third Party Plaintiffs agreed to defend and indemnify TETRA TECH and satisfy all claims and damages asserted by Plaintiff.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

22. Specifically, Paragraph 1.1 of the Guaranty provided as follows:

"1.1 The Guarantors absolutely, unconditionally and irrevocably personally guarantee, as primary obligors, the punctual payment, when due, whether at stated maturity, by acceleration or otherwise as provided in the General Agreement of Indemnity, dated December 12, 2016 (attached), of all present and future obligations, liabilities, covenants and agreements required to be observed, performed, or paid by Tetra Tech in any way related to the enforcement or protection of Tetra Tech's rights hereunder (collectively, the '**Obligations**')."

23. Further, pursuant to Paragraph 4.1 of the Guaranty, Third Party Defendants agreed to pay all attorney's fees and costs incurred by TETRA TECH, which states as follows:

"4.1 **Expenses.** The Guarantors shall pay to Tetra Tech, on demand, the amount of any and all reasonable expenses, including, without limitation, attorney's fees, which Tetra Tech may incur in connection with exercise or enforcement of any [sic] the rights, remedies or powers of Tetra Tech hereunder or with respect to any or all of the Obligations."

24. As to the Silver Comet Funds Control Agreement, which is dated June 6, 2017, it states, in pertinent part, the following at Paragraph 21:

"[WDG Construction] AGREES, TO THE FULLEST EXTENT PERMITTED BY LAW, TO INDEMNIFY AND HOLD HARMLESS [TETRA TECH], ITS OFFICERS, DIRECTORS, EMPLOYEES AND SUB CONSULTANTS AGAINST ALL DAMAGES, LIABILITIES OR COSTS, INCLUDING REASONABLE ATTORNEYS' FEES AND DEFENSE COSTS, TO THE EXTENT CAUSED BY CONTRACTOR'S BREACH OF ITS OBLIGATIONS UNDER THIS AGREEMENT AND THAT OF [WDG Construction's] SUB CONSULTANTS OR ANYONE FOR WHOM [WDG Construction] IS LEGALLY LIABLE."

25. As to the Historic Bells Lofts Funds Control Agreement, it states, in relevant part, the following at Paragraph 20:

"[WDG Construction]… will jointly and severally defend, indemnify and hold harmless [Tetra Tech] from and against any and all claims, liabilities, suits and expenses which they may incur or liability that they

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

may sustain, including reasonable attorney's fees and court costs, arising out of or related to the [Historic Bells Lofts project]."

26. As a result of Plaintiff filing the Complaint and the demands asserted by Plaintiff, TETRA TECH has been required to retain legal counsel and incur attorney's fees and costs to defend against the Complaint. Accordingly, Third Party Defendants are obligated to immediately defend, indemnify, and hold harmless TETRA TECH and pay TETRA TECH for all expenses and attorney's fees and costs incurred and for the claims and damages asserted by Plaintiff.

27. TETRA TECH has responded to the Complaint so as to not waive any of its rights and defenses. TETRA TECH alleges that while it denies Plaintiff's allegations in the Complaint, in the event that any the allegations of Plaintiff's Complaint are determined to be true, the Third Party Defendants herein, are completely and exclusively liable and responsible for such allegations and damages.

28. At all times relevant hereto, TETRA TECH contracted with Third Party Defendants under the Agreements, all of which included the express contractual obligation for Third Party Defendants to defend, indemnify and hold harmless TETRA TECH. However, Third Party Defendants have failed and/or refused to comply with their contractual obligations, thereby breaching the Agreements.

29. TETRA TECH alleges that the allegations and damages asserted by Plaintiff fall within the meaning of the indemnity provisions of the Agreements, thereby requiring Third Party Defendants to immediately defend, indemnify and hold harmless TETRA TECH.

30. TETRA TECH has engaged the law firm of Wood, Smith, Henning & Berman, LLP to defend Plaintiff's Complaint and to bring this Third Party Complaint to enforce the Agreements, which provide for a right to recovery of attorney's fees and costs. Accordingly, Third Party Plaintiff will seek recovery of all attorney's fees and costs.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

**SECOND CAUSE OF ACTION**

**(Equitable Indemnity Against Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC., MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10)**

31. TETRA TECH re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 30 above.

32. In equity and good conscience, if Plaintiff recovers against TETRA TECH, then TETRA TECH is entitled to equitable indemnity from Third Party Defendants, and Third Party Defendants, and each of them, according to their respective fault as they all constitute joint tortfeasors, for the injuries and damages allegedly sustained by Plaintiff, if any, by way of sums paid in settlement, or in the alternative, any judgments rendered against TETRA TECH in the action herein based upon Plaintiff's Complaint.

33. TETRA TECH expressly denies portions of the allegations of Plaintiff's Complaint and any wrongdoing on its part. Should TETRA TECH, nevertheless, be found liable with respect to the allegations of such Complaint, the acts and/or omissions of TETRA TECH were passive and secondary, while those of Third Party Defendants, and each of them, were active, primary, and superseding. Thus, as a direct, proximate, and foreseeable result of the wrongdoing of Third Party Defendants, and each of them, TETRA TECH is entitled to equitable indemnity from Third Party Defendants.

34. As a direct, proximate, and foreseeable result of the filing of Plaintiff's Complaint, TETRA TECH has been compelled to incur attorney's fees and the expense of this third party action and TETRA TECH will seek leave of the Court to amend this Third Party Complaint to set forth the amount of said damages when the same have been ascertained.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

35. Should Plaintiff recover any amount of damages against TETRA TECH by way of judgment, settlement, or otherwise, then TETRA TECH, by reason of the foregoing and in equity and good conscience, is entitled to an equitable apportionment of the liability of Third Party Defendants, and each of them, under the doctrine of equitable indemnity in an amount equal to their respective liabilities as so apportioned.

## THIRD CAUSE OF ACTION

**(Apportionment of Fault and Contribution Against Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC., MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10)**

36. TETRA TECH re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 35 above.

37. TETRA TECH is informed and believes, and based thereon alleges, that Third Party Defendants, and each of them, were negligently and/or tortiously responsible, in whole or in part, for the damages alleged by Plaintiff, if any. In the event that Plaintiff should recover any amount of damages against TETRA TECH by way of judgment, settlement, or otherwise, then TETRA TECH is entitled to apportionment and contribution among Third Party Defendants, and each of them, according to the respective fault, for damages alleged and suffered by Plaintiff, if any, based upon apportionment of fault and contribution.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief Against Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC., MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10)**

38. TETRA TECH re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 above.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

39. An actual controversy now exists between TETRA TECH and Third Party Defendants, each of them, concerning their respective rights, duties, and obligations with regard to the foregoing facts and the underlying Agreements.

40. TETRA TECH contends that it is entitled to complete or partial defense and indemnity from Third Party Defendants in the amount of any liability, judgement, settlement, or award incurred or paid by TETRA TECH to Plaintiff, or to any other party, as well as all costs, expenses, and attorneys' fees incurred or paid by TETRA TECH in its defense of Plaintiff's Complaint or any related Third Party Complaint/Counterclaim/Crossclaim, and prosecution of this Third Party Complaint.

41. TETRA TECH is informed and believes that Third Party Defendants dispute the foregoing contention by TETRA TECH, and themselves deny that they are, or any of them, have any obligation whatsoever to TETRA TECH.

42. TETRA TECH desires a judicial declaration of its rights and obligations, and a declaration that it is entitled to complete or partial defense and indemnity against these Third Party Defendants, as set forth herein.

43. A judicial declaration is necessary and appropriate at this time, under the circumstances described herein, in order that the parties may ascertain the respective rights and obligations to avoid a multiplicity of actions.

**FIFTH CAUSE OF ACTION**

**(Breach of Contract Against Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC., MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10)**

44. TETRA TECH re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 43 above.

45. Third Party Plaintiff TETRA TECH and Third Party Defendants, and ROES 1 through 10, inclusive, entered into the Agreements, namely (**1**) the GAI, (**2**) the Personal Guaranty, (**3**) the Silver Comet Funds Control Agreement, and (**4**) the

Historic Bells Lofts Funds Control Agreement, all attached hereto as **Exhibit "B"** through **"E"**, respectively. Third Party Defendants agreed and were and are obligated under the Agreements to defend, indemnify, and hold harmless TETRA TECH from the claims and damages asserted by Plaintiff, to personally guarantee all such obligations under the Agreements, and to satisfy all demands asserted by Plaintiff.

46. To date, Third Party Defendants have failed and/or refuse to defend, indemnify, and indemnify TETRA TECH from Plaintiff's Complaint, the demands asserted by Plaintiff, and to honor and comply with the obligations in the Agreements.

47. As such, Third Party Defendants failed to abide by the Agreements they entered into. In contrast, TETRA TECH has complied with all of its obligations under the Agreements and/or has been excused from such performance.

48. As a result of Third Party Defendants' refusal to abide by the Agreements they entered into, Third Party Defendants have materially breached the Agreements and TETRA TECH has been, and will continue to be, harmed due to the attorney's fees and costs it has incurred to defend against Plaintiff's Complaint, to prosecute this Third Party Complaint, in addition to indemnity payment(s) made to the underlying Plaintiff, if any, through settlement or judgment.

49. Third Party Defendants' breach of the Agreements was a substantial factor in causing TETRA TECH's harm and damages.

50. Third Party Plaintiff TETRA TECH has engaged the law firm of Wood, Smith, Henning & Berman, LLP to defend Plaintiff's action and to bring this Third Party Complaint to enforce the Agreements, which provides a right to recovery of attorney's fees. Accordingly, TETRA TECH will seek recovery of all attorney's fees and costs.

**WHEREFORE**, TETRA TECH prays for judgement against Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

DBA WDG CONSTRUCTION GROUP, INC, MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION**

51. That TETRA TECH be entitled to express contractual indemnity and defense fees and costs from Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC., MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10, and each of them;

**AS TO THE SECOND CAUSE OF ACTION**

52. That TETRA TECH be entitled to equitable indemnity from Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC, MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10, and each of them;

**AS TO THE THIRD CAUSE OF ACTION**

53. That TETRA TECH be entitled to apportionment of fault and contribution on the part of Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC, MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10, and each of them;

**AS TO THE FOURTH CAUSE OF ACTION**

54. That TETRA TECH be entitled to a declaration of the parties' rights and obligations and percentages of liability as to all parties in this action;

**TO THE FIFTH CAUSE OF ACTION**

55. That TETRA TECH be entitled to compensatory damages and attorney's fees from Third Party Defendants WDG CONSTRUCTION AND DEVELOPMENT SERVICES, INC. DBA WDG CONSTRUCTION GROUP, INC,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

MICHAEL P. WYMAN, BERNADETTE M. WYMAN, and ROES 1 through 10, and each of them;

**AS TO ALL CAUSES OF ACTION**

56. As to all causes of action against all Third Party Defendants, and each of them herein:

a. For attorneys' fees incurred herein;

b. For cost of suit incurred herein; and

c. For such other and further relief as this Court deems just and proper.

DATED: August 11, 2021

WOOD, SMITH, HENNING & BERMAN LLP

By: ______________________

KEITH E. SMITH
OMAR F. HASSAN
Attorneys for Defendant/Third Party Plaintiff, TETRA TECH, INC., a Delaware corporation

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

**PROOF OF SERVICE**

**The Guarantee Company of North America USA, a Michigan corporation**
**Case No. 2:21-cv-05725-RGK-DFMx**

I am employed in the County of Riverside, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 21804 Cactus Avenue, Suite 200, Riverside, CA 92518-3010.

On August 11, 2021, I served the following document(s) described as **DEFENDANT AND THIRD PARTY PLAINTIFF TETRA TECH, INC.'S THIRD PARTY COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 11, 2021, at Riverside, California.

Stephanie A. Newkirk

**SERVICE LIST**
**The Guarantee Company of North America USA, a Michigan corporation**
**Case No. 2:21-cv-05725-RGK-DFMx**

Ali Salamirad, Esq.
Teresa L. Polk, Esq.
17901 Von Karman Avenue
Suite 500
Irvine, CA 92614
Tel: (949) 537-3800/Fax: (949) 537-3822
Email: as@smtdlaw.com
Email: tp@smtdlaw.com
**Attorneys for Plaintiff, THE GUARANTEE COMPANY OF NORTH AMERICA**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650